**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JASON W. ENGEL,

Plaintiff,

v.

Case No. 26-11540
Hon. Jonathan J.C. Grey

MOHAMMED ALAKOLI
AND ALIAA ALAKOLI,

Defendants.
_______________________________________/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (ECF No. 2), SUMMARILY DISMISSING THE COMPLAINT (ECF No. 1), AND DENYING AS MOOT ALL OTHER PENDING MOTIONS (ECF Nos. 4, 6–12)**

## I. INTRODUCTION

On May 8, 2026, pro se Plaintiff Jason W. Engel filed this civil action against Defendants Mohammed and Aliaa Alakoli, alleging Fourth and Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983. (ECF No. 1, PageID.9–11.) Specifically, he asserts violations of his right to due process, the right to be free from unreasonable seizure, and the right to be free from the misuse of legal process (*id.*), and he also brings a civil conspiracy claim under § 1983. (*Id.* at PageID.11–12.) In addition to the federal law claims, Engel asserts state law claims for abuse of

process, intentional infliction of emotional distress, civil assault, trespass, and negligence/negligent misrepresentation. (*Id.* at PageID.12–15.) Engel also filed an application to proceed without prepaying fees or costs. (ECF No. 2.)

Engel has since filed several subsequent motions, including a: (1) motion for leave to file exhibits 1-9 in support of complaint (ECF No. 4); (2) motion for leave to file updated application to proceed without prepaying fees or costs (ECF No. 6); (3) motion for leave to file conditional withdrawal proposal (ECF No. 7); (4) motion for leave to file supplemental exhibits 11A-D (ECF No. 8); (5) motion for leave to file supplemental exhibit 12 (ECF No. 9); (6) motion for leave to file supplemental exhibits 12A-B (ECF No. 10); (7) motion for leave to file exhibits 13A-C (ECF No. 11); and (8) motion for leave to file proof of service regarding conditional proposal. (ECF No. 12.)

For the following reasons, the Court **GRANTS** Engel's application to proceed without prepaying fees or costs (ECF No. 2), **SUMMARILY DISMISSES** the complaint for failure to state a claim on which relief may be granted, and **DENIES AS MOOT** all other pending motions. (ECF Nos. 4, 6–12.)

## II. BACKGROUND

Engel's complaint arises from a February 8, 2025 incident involving his dog and Aliaa Alakoli. (ECF No. 1, PageID.3.) According to Engel, the incident was minor and accidental, and it did not constitute a sustained bite, attack, or mauling. (*Id.* at PageID.3–4.) Engel alleges that he immediately regained control of his dog, apologized, and offered compensation for any injury or inconvenience. (*Id.* at PageID.4.) He further alleges that Mohammed Alakoli then engaged in "threatening and aggressive conduct." (*Id.* at PageID.5.)

On the same day as the incident, the Dearborn Heights Police Department generated a police report. (*Id.*) Engel contends that the report classified the matter as an "Animal Bite/ Scratch," identified Engel as a suspect, relied primarily on Mohammed and Aliaa Alakoli's statements, and did not fully incorporate Engel's account. (*Id.* at PageID.5–6.)

Following the incident and police report, defendants allegedly initiated legal proceedings against Engel, resulting in the issuance of municipal citations against him, the requirement that he post bond, and his appearance in court proceedings. (*Id.* at PageID.6.) Engel alleges that

defendants improperly used the legal process in various ways, such as failing to correct inaccurate statements and requesting discovery "outside any proper civil discovery posture." (*Id.* at PageID.7–8.)

## III. LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court may allow a person to proceed without prepayment of fees or costs, i.e., in forma pauperis. However, the Court is required to review each case for summary dismissal if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To determine whether this matter states a claim on which relief may be granted, the Court applies the Federal Rule of Civil Procedure 12(b)(6) standard. Therefore, the Court must assess whether the complaint alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 570 (2007)). When assessing a complaint under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

Nevertheless, the Court will not presume the truth of any legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the pleaded facts do not raise a right to relief, the Court must dismiss the complaint. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009). Courts generally rely only on the facts or claims stated in the complaint. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citations omitted). However, the Court may consider items appearing in the record of the case without converting the motion into one for summary judgment so long as the items are referenced in the complaint and are central to the claims. *Id.*

Federal courts hold a pro se complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se litigants are not, however, excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

## IV. ANALYSIS

### A. Application to Proceed in Forma Pauperis

Upon reviewing Engel's application to proceed in forma pauperis, the Court finds that Engel is unable to prepay the filing fee. (ECF No. 2.)

Thus, the Court **GRANTS** his application to proceed in forma pauperis under 28 U.S.C. § 1915.

### B. Dismissal of Federal Claims

Pursuant to § 1983, Engel asserts violations of his Fourth and Fourteenth Amendment rights, including his right to due process, the right to be free from unreasonable seizure, and the right to be free from the misuse of legal process.[1] (ECF No. 1, PageID.9–11.) He also brings a civil conspiracy claim under § 1983. (*Id.* at PageID.11–12.)

To state a claim under § 1983, a plaintiff must allege two elements: (1) that *the defendant acted under color of state law,* and (2) that the defendant deprived the plaintiff of a federally protected right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (emphasis added). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999)). "As a matter of substantive constitutional law, the state-action requirement reflects judicial recognition of the fact that

[1] The Court interprets the alleged deprivation of Engel's right to be free from the misuse of legal process as a constitutional due process claim under the Fourteenth Amendment. If Engel instead intended to assert this claim as a state law claim, the Court still **DISMISSES** it for the reasons below. *See infra* Section IV.C.

'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936 (1982) (quoting *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156 (1978)). Only when a private actor's conduct is "fairly attributable to the state" can be he be acting under color of state law. *Lugar,* 457 U.S. at 937.

The Sixth Circuit recognizes three tests for determining whether private conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test. *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995).

> The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. … The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Id.* at 195.

Here, Engel fails to allege facts supporting any plausible inference that defendants, who are private individuals, acted under color of state law. Engel contends that "[a]lthough [d]efendants are private

individuals, they acted jointly with, willfully participated in, and invoked state and municipal authority." (ECF No. 1, PageID.10.) In support of this contention, Engel explains how defendants' actions resulted in police, municipal, and court involvement. (*See id.* at PageID.8, 10.)

Defendants' use of law enforcement reporting mechanisms and their initiation and defense of judicial proceedings is insufficient to state a claim for relief. Indeed, "a private party's mere use of the State's dispute resolution machinery, without the overt, significant assistance of state officials, cannot [be considered state action]." *Tahfs*, 316 F.3d at 591 (internal quotation marks omitted) (quoting *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 54). Accepting Engel's view would convert private citizens into state actors whenever their reports to police and municipal authorities result in official action, or when they bring and maintain allegedly improper legal proceedings—an absurd result.

Still, for thoroughness, the Court applies the three tests for determining whether defendants' private conduct is fairly attributable to the state. First, Engel's claims fail under the public functions test, which requires that a private party exercise powers traditionally and exclusively reserved to the state. Defendants' alleged acts are not powers

traditionally and exclusively reserved to the state. Private citizens contact the police, report incidents to law enforcement, complain to municipal authorities, and initiate and defend legal actions. Thus, Engel fails to plead state action under the public function test.

Second, Engel's claims fail under the state compulsion test, which requires proof that the state significantly encouraged or coerced the private party's conduct. Engel does not allege that any state actor coerced or significantly encouraged defendants to exaggerate statements, report and escalate the incident, pursue legal action, or enforce municipal laws, local codes, or ordinances. The complaint only alleges that defendants caused or triggered state involvement. (*See* ECF No. 1, PageID.6, 8, 10.) Therefore, the pleadings do not satisfy the state compulsion test.

Third, Engel's claims fail under the nexus test, which requires a sufficiently close relationship between the state and the private actor, such as through state regulation or a contract. Engel fails to allege any facts to demonstrate a close relationship between defendants and the state. As previously mentioned, "[a] private citizen does not transform himself into a state actor simply by calling the police, filing a police report, or participating in court proceedings." *Lee v. Lee*, No. 3:19-CV-

172-RGJ, 2019 WL 3070316, at *2 (W.D. Ky. July 12, 2019) (citation omitted). Defendants' invocation of law enforcement and other government processes does not in any way indicate a close relationship or that defendants' conduct was attributable to the state. And merely stating that defendants' actions constituted "joint participation" or "joint activity" with the state, or "joint state action" (ECF No. 1, PageID.8–10), does not make it so. *See Twombly*, 550 U.S. at 555 (The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Accordingly, Engel fails to plead state action under the nexus test.

For the reasons above, Engel's § 1983 claims are **DISMISSED**.

**C. Dismissal of State Claims**

Engel also asserts state law claims for abuse of process, intentional infliction of emotional distress, civil assault, trespass, and negligence/negligent misrepresentation. (ECF No. 1, PageID.12–15.)

Because the federal claims fail for the reasons above, *see supra* Section IV.B., the Court no longer has federal question jurisdiction in this case, and the Court declines to exercise supplemental jurisdiction over Engel's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The

districts courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

The Court also does not have diversity jurisdiction. Federal district courts may exercise jurisdiction only over matters in which a federal question is raised and/or in which there is complete diversity between the parties (i.e. they are citizens of different states). *See* 28 U.S.C. §§ 1331, 1332. One of the fundamental requirements of diversity jurisdiction is complete diversity, meaning "that no party share citizenship with any opposing party." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Because Engel and defendants all reside in Michigan (*see* ECF No. 1, PageID.2, 18), there is no diversity jurisdiction.

Accordingly, the Court **DISMISSES** Engel's state law claims.

## V. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Engel's application to proceed without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED.**

Because this cause of action is **DISMISSED**, the Court **DENIES AS MOOT** all other pending motions. (ECF Nos. 4, 6–12.)

**IT IS FURTHER ORDERED** that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any appeal of this order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610–611.

**SO ORDERED**.

Date: July 31, 2026

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager